TAMARA CREPET, Bar No. 277408
Pier 9, suite 100
San Francisco, CA 94111
Telephone: (415) 517-3496
Email: Tamara@taclaw.org

Counsel for Defendant Lerner

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>ALON LERNER,<br><br>      Defendant. | Case No.: CR 24-00080 MMC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

## I.     INTRODUCTION

Mr. Lerner is a thirty-one-year-old man who appears before the Court for sentencing following his conviction for sexual abuse under 18 U.S.C. § 2244(a)(2). Specifically, Mr. Lerner touched the inner thigh of a young woman on the airplane, while she was sleeping, without her consent. He did so on two separate occasions. After the first time, she got up from her seat. She then returned to her seat and Mr. Lerner touched her again. He did so after having consumed five glasses of wine.

This is not an isolated incident. Mr. Lerner was previously convicted of felonious sexual battery at the county level. For this offense, he was sentenced to five years of probation and required to register as a sex offender for ten years. According to police reports, Mr. Lerner

1  was also involved in four additional acts of sexual touching without consent. Notably, he
2  turned himself into law enforcement to take accountability for his conduct.

3  Since his arrest for the instant offense Mr. Lerner, with the support of his family, and
4  particularly with the support of his father, has made rehabilitative progress. Most importantly,
5  and at the recommendation of neuropsychiatrist Dr. Vivek Datta, he took the initiative to get
6  individualized cognitive behavioral therapy. With the assistance of his therapist and a
7  commitment to stop drinking, he is starting to believe that he can have a meaningful life and
8  contribute positively to society.

9  The parties and probation agree that Mr. Lerner's base offense level is 12 and that his
10 criminal history category is 1. The government requested that probation apply a two-level
11 vulnerable victim enhancement under USSG §3A1.1(b)(1) because the victim was sleeping at
12 the time of the offense. The defense disagrees with the application of the enhancement as no
13 cases in the Ninth Circuit have applied this enhancement to an *adult* victim who was asleep at
14 the time of the offense. Furthermore, the victim's status of being asleep in this case bears on
15 the element of consent necessary to establish the offense. Thus, it is improbable that this status
16 renders her *unusually* vulnerable as required by the Guideline.

17 Without the vulnerable victim enhancement, Mr. Lerner's guideline range is six to
18 twelve months. He will also have to register as a sex offender for the next twenty-five years.
19 Considering this lengthy registration requirement, which is a substantial punishment in itself,
20 coupled with Mr. Lerner's rehabilitative progress and the need for his continued treatment, the
21 defense respectfully asserts that a time-served sentence followed by three years of supervised
22 release is sufficient but not greater than necessary to achieve the aims of sentencing. Mr.
23 Lerner has served approximately three weeks in custody during the pendency of this case.

24 **II.    BACKGROUND**

25 Mr. Lerner was born and raised by his parents in Tarzana, California. Presentence
26 Investigation Report at ¶ 40. He is the youngest of his parents' four children. His sister and
27 eldest sibling, Tal Lerner, lives in Israel where she is a doctor. PSR at ¶ 40. His two older
28 brothers, Tamir Lerner and Addee Lerner both live in Santa Monica. *Id.* Tamir owns a small

business and Addee is a medical student. *Id.* Mr. Lerner is fortunate in that he did not grow up in an abusive home and his material needs were met. *Id.* at ¶ 42. He is less fortunate in that he showed signs of struggling to engage appropriately with his peers from a young age. *Id.* Alon's mother writes in her letter of support that Alon's first-grade teacher suggested that he be held back a year because of challenges he had in interacting with his peers. Crepet Decl., Attachment A, Letter of Support by Ester Lerner (Ester Lerner Support Letter). Indeed, and as discussed in the presentence report, his classmates excluded him from birthday parties and sleepovers and never invited him over after school. PSR at ¶ 42.

Alon's social struggles grew worse as he got older. His father writes the Court that Alon was teased by his peers in middle school for playing instruments and bullied in high school. Crepet Decl., Attachment B, Letter of Support by Samuel Lerner[1] (Samuel Lerner Support Letter). The presentence report describes an incident from the ninth grade where Alon thought one of his classmates had become his friend. PSR at ¶ 42. However, this classmate later made Alon the subject of a joke. *Id.* More painful still, while his older brothers spent time with him when they were at home together, they never invited him to go places with them socially because they were worried about how they would be perceived by their peers. *Id.* Alon's sister echoes the sentiments of her parents, writing the Court that Alon experienced significant bullying and social alienation at school and was unable to form lasting friendships. Crepet Decl., Attachment C, Letter of Support by Tal Ben-Zvi (Tal Ben-Zvi Support Letter). She also notes that Alon's feelings of isolation and loneliness were compounded when she and his other siblings left home to study abroad, and that consequently, Alon had very little social support from anyone his own age. *Id.* Alon's parents recognize in hindsight how much Alon suffered during these formative years. Crepet Decl., Attachment A (Ester Lerner Support Letter), Attachmnt B (Samuel Lerner Support Letter).

The problems Alon had in making friends and conforming his behavior to social norms as a child and adolescent unfortunately carried on into Alon's adult life. As his father notes in

---

[1]

his letter to the Court, Alon has been unable to hold down a job because he misinterprets feedback from bosses and colleagues and consequently has been unable to meet professional standards of behavior. Crepet Decl., Attachment B (Samuel Lerner Support Lerner).

Because of Alon's difficulties in interacting with others beginning at a young age, Dr. Datta evaluated Alon for autism. Crepet Decl., Attachment D, filed underseal, Letter by Vivek Datta. While Dr. Datta concluded that Alon did not suffer from autism, he noted that Alon had deficits in his social function and made several recommendations that Alon is trying to implement. *Id.* The most important of these recommendations is that Alon obtain individual mental health counseling. Alon heeded this recommendation and is now receiving individualized cognitive behavioral therapy, which he has not previously received. *See* Crepet Decl., Attachment B (Samuel Lerner Support Letter). With the assistance of his therapist, he has developed a plan to address three key areas: (1) understanding alcohol and its effects on his behavior, (2) strategies for managing sexual frustration, and (3) recognizing the impact of his behavior on others. Crepet Decl., Attachment E, Personal Development Statement. Alon's parents and sisters note that Alon's work with his therapist is already having a positive effect in that he is starting to understand his emotions and negative patterns of behavior. Crepet Decl., Attachment A (Ester Lerner Support Letter), Attachment B, (Samuel Lerner Support Letter), Attachment C (Tal Ben-Zvi Support Letter).

Alon has also taken the past year to reflect on how his behavior has affected others, particularly the victim in this case. Crepet Decl., Attachment F, Letter of Apology by Alon Lerner. He is ashamed of his behavior and is committed to working hard with his therapist to ensure that this type of behavior does not repeat itself. *Id.*

### III.   PROCEDURAL HISTORY

Mr. Lerner was indicted with one count of sexual abuse in violation of 18 U.S.C. § 2244(a)(2) on February 8, 2024. Dkt. 1. He was arrested in the Central District of California on February 28, 2023, and spent approximately three weeks in jail before making a first appearance in this district. PSR ¶ 4. He was released on conditions on March 8, 2024. PSR ¶ 4. On January 22, 2025, Mr. Lerner pled guilty to the charge. Dkt. 36. Mr. Lerner did not plead

guilty pursuant to a plea agreement. Dkt. 36.

### IV.   VULNERABLE VICTIM ENHANCEMENT

The parties and probation agree that Mr. Lerner's base offense level is 12 and that his criminal history category is 1. PSR ¶¶ 22, 34. Probation, in accord with an objection made by the government, applied a two-level vulnerable victim enhancement under USSG § 3A1.1(b)(1). This enhancement applies "if the defendant knew or should have known that a victim of the offense was a vulnerable victim." USSG § 3A1.1(b)(1). The comments to this section define a vulnerable victim as someone "who is *unusually* vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1, application note 2 (emphasis added). In this case, the fact that the victim was sleeping is not so unusual that it takes this case outside the heartland of other cases charged under this statute. In fact, the victim's state of sleep goes to the element of consent. Moreover, no cases in this Circuit have applied a vulnerable victim enhancement based on an adult victim's state of sleep in connection with a conviction under 18 U.S.C. 2244(a)(2), or in connection with any other statute criminalizing similar conduct. *Cf. Unted States v. Wetchie*, 207 F.3d 632, 633 (9th Cir. 2000) (upholding the application of the vulnerable victim enhancement where the victim was an eleven-year-old juvenile who was asleep at the time of the offense); *see also United States v. Farrell*, 606 F. App'x 420 (9th Cir. 2015) (unpublished) (same). Most recently in *United States v. Kumar*, No. 24-4765, 2025 WL 879909, at *1 (9th Cir. Mar. 21, 2025), the Ninth Circuit upheld the application of the vulnerable victim enhancement where the victim of sexual abuse was a *minor* sleeping on the airplane. The Court declined to reach the issue of whether a victim's state of sleep alone could support the enhancement because other factors—including the victim's minority status—supported the enhancement. *Id.*

### V. SENTENCING ARGUMENT

The Court is familiar with the directives of *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. § 3553(a). In reaching an appropriate sentence, the Court must consider

several factors including the Guidelines range, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter the defendant from future criminal conduct, and the need to provide the defendant with needed medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2).

Several factors warrant consideration in connection with the defendant's request for a time-served sentence.

*First*, the steps Mr. Lerner has taken towards post-offense rehabilitation are worthy of the Court's consideration. Mr. Lerner has not only adhered to the conditions of his release, including participation in mandatory group therapy, but has also proactively sought additional treatment from an individual therapist with whom he meets weekly for cognitive behavioral therapy. Engaging in cognitive behavioral therapy has forced him to confront difficult realities including his social struggles, relationship with alcohol, and frustrations in romantic relationships or a lack thereof. When defendants go above and beyond in their post-offense rehabilitation, courts may give a downward variance. *See United States v. Green*, 152 F.3d 1202, 1208 (9th Cir. 1998) (upholding district court's downward departure on resentencing where defendant was required to perform community service but was not required to go "above and beyond" in his work there).

*Second*, and relatedly, Mr. Lerner is participating in cognitive behavioral therapy, as recommended by Dr. Datta, and is opening up to his father, with whom he lives, about the challenges he faces. The need for a defendant's medical care and other correctional treatment in the most efficient manner possible is a factor for the Court's consideration and militates towards a time-served sentence. Mr. Lerner, from a young age, has demonstrated an aberrant pattern of behavior and an inability to interact appropriately with peers. While he does not have autism or any other major mental illness, and while Dr. Datta was not retained to evaluate Mr. Lerner for every mental health disorder, it is evident that Mr. Lerner needs the intervention of a mental health professional. The defense respectfully asserts that time in prison is unlikely to provide the medical treatment that Mr. Lerner needs. Mr. Lerner needs to identify and address the cause of his behavior. His current course of cognitive behavioral therapy is the best way to

achieve this goal.

*Third*, the Court must consider the need for deterrence in fashioning an appropriate sentence. The fact that Mr. Lerner had five glasses of wine at the time of the conduct bears on this analysis. Mr. Lerner has not engaged in behavior like this while sober since his 2019 conviction. He now has increased awareness of his patterns of behavior and how alcohol use can impact him. Provided he avoids alcohol and continues to work with a mental health professional to identify his behavioral patterns, there is reason to believe he will not recidivate.

Second, in terms of severity of punishment, Mr. Lerner will be required to register as a sex offender for the next twenty-five-years. This is a far lengthier registration requirement than the ten-year registration requirement previously imposed and will negatively affect Mr. Lerner's employment opportunities, relationships, and confidence for a long time. The defense respectfully submits that a registration requirement of this length is adequate to deter Mr. Lerner from engaging in this type of conduct in the future.

V. **CONCLUSION**

Based on the above, Mr. Lerner respectfully requests that the Court sentence him to a time served sentence and three years of supervised release.

May 14, 2025                                       Respectfully submitted,

                                                   _____/s_____
                                                   TAMARA CREPET
                                                   Counsel for defendant